# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL R. ADAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 17-cv-2024-STA-tmp |
| | ) |
| WILLIAM E. HASLAM, Governor | ) |
| of Tennessee; HERBERT H. | ) |
| SLATERY III, Attorney General | ) |
| of Tennessee, and | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

On January 12, 2017, *pro se* plaintiff Michael R. Adams filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) The same day, Adams also filed an application to proceed *in forma pauperis*, which the court granted on January 27, 2017. (ECF Nos. 2, 7.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the following reasons, it is recommended that Adams's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

On June 17, 2010, Adams filed a complaint against LeMoyne-Owen College ("LeMoyne-Owen") in Tennessee circuit court seeking damages for alleged wrongdoing by LeMoyne-Owen relating to the handling of Adams's transcript. (See ECF No. 1-1.) The circuit court granted LeMoyne-Owen's motion to dismiss Adams's complaint on the ground that the statute of limitations had run on Adams's claims. (See ECF No. 1-3.) On August 22, 2014, Adams filed a second complaint against LeMoyne-Owen in Tennessee circuit court naming three additional defendants and alleging additional wrongdoing. (See ECF No. 1-5.) The circuit court granted the defendants' motions to dismiss the second complaint on res judicata grounds.[1] (See ECF No. 1-7.) The Tennessee Court of Appeals affirmed, and the Tennessee Supreme Court denied review. (See ECF No. 1-9; 1-12.)

Adams's Complaint for Declaratory and/or Injunctive Relief before this court "challenges the constitutionality of the judgments or lack thereof, from Tennessee's Circuit trial Court of Shelby County, the Appeals and Supreme Courts of Tennessee." (ECF No. 1 at 1.) Adams "alleges that he was deprived of his Constitutional rights . . . by defendants" under color of state

---

[1]Adams also filed an "Expeditious Petition for Declaratory Judgment and/or Injunctive Relief" relating to his second circuit court complaint, which the court denied as moot upon dismissing the complaint. (See ECF No. 1-6, 1-8.)

law, and that "the State of Tennessee has subjected Adams to increased significant harm by its rulings [], threatening the future well-being of Adams, in violation of Adams's rights under 42 U.S.C. § 1983." (Id. at 1-2.) Adams contends the rulings of the Tennessee courts violated his Fourteenth Amendment Due Process and Equal Protection rights, asserting that "[t[he State of Tennessee's rulings were biased against Adams." He asks the court to "declare[] the rulings or lack thereof against Adams, in his second complaint [], by the State of Tennessee, Violations, and ensure that those Violations are corrected . . . ." (Id. at 18.)

## II. PROPOSED CONCLUSIONS OF LAW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (internal citations and quotation marks omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations and quotation marks omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes

enacted by Congress pursuant thereto."). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) (citing Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990)); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

The Rooker-Feldman doctrine establishes that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir. 1998) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)); see 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."). Rooker-Feldman "is based on the negative inference that, if appellate court review of [] state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." Lawrence v. Welch,

531 F.3d 364, 368 (6th Cir. 2008) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005)).

In Exxon Mobil the Supreme Court clarified that "[t]he Rooker-Feldman doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. After Exxon Mobil,

> [t]he inquiry . . . is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006). Rooker-Feldman "is not a panacea to be applied whenever state court decisions and federal court decisions potentially or actually overlap." Id. at 395; see Shafizadeh v. Bowles, 476 F. App'x 71, 72 (6th Cir. 2012) ("[T]he Rooker-Feldman doctrine is a narrow one."). Section 1257(a) does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Exxon Mobil, 544 U.S. at 293. "If a federal plaintiff present[s] some independent claim,

- 5 -

albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. (internal citations and quotation marks omitted) (alterations in original).

Rooker-Feldman is a narrow doctrine, and *pro se* complaints are to be liberally construed. However, it is clear from the face of Adams's complaint that the judgments of the Tennessee courts are the source of his alleged constitutional injuries. In fact, Adams attached his state court complaints and the state court decisions as exhibits to his federal court complaint, and in his prayer for relief asks the court to declare the state court decisions unconstitutional and to correct them. In short, Adams has "repaired to federal court to undo" judgments rendered by the Tennessee courts. See Exxon Mobil, 544 U.S. at 293. This case is therefore the "paradigm situation in which Rooker-Feldman precludes a federal district court from proceeding."[2] Id. (internal citations and quotation marks omitted).

---

[2]Because the court clearly lacks subject matter over this complaint under Rooker-Feldman, the court need not address whether Adams's claims would also be barred by sovereign immunity or whether the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. RECOMMENDATION

For the reasons above, it is recommended that Adams's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 20, 2017
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**